```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**CATHERINE PONTIER,**

    **Movant,**

**v.**                                       **Case No. 2:06-cv-00041**
                                                **Case No. 2:03-cr-00186-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, as amended, (docket ## 112, 127), filed by Movant, Catherine Pontier (hereinafter "Defendant"). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(b).

### PROCEDURAL HISTORY

On August 14, 2003, Defendant was indicted on one count of knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (# 1). She was arrested, made an initial appearance, and was released on a $10,000 unsecured bond with conditions of release (## 6, 7). Ms. Heather Foster, who was then associated with Ms. Jacqueline Hallinan, was appointed to represent Defendant, pursuant to the Criminal Justice Act. The case was

assigned to the Hon. Charles H. Haden II.

During the period August 29, 2003 through December 9, 2003, the United States produced discovery materials to Ms. Foster. On December 24, 2003, Ms. Foster filed a motion to withdraw, stating that Mr. Walter Wagner had been retained to represent Defendant (# 31). The motion to withdraw was granted by Order entered December 29, 2003 (# 32).

On January 13, 2004, Mr. Wagner filed a motion to continue the trial (# 34), which was granted (# 35); on February 26, 2004, the United States filed a motion to continue the trial (# 36), which was granted (# 37). On March 25, 2004, the case was reassigned to the Hon. David A. Faber, Chief Judge, due to the death of Judge Haden (# 38). On April 6, 2004, Walter L. Wagner and James W. Shepherd filed their formal entry of appearance in the case (# 42).

On April 27, 2004, the case proceeded to trial before a jury, which convicted Defendant (# 51). Defendant was remanded to the custody of the United States Marshal (# 56). After several continuances, the first sentencing hearing took place on January 7, 2005, at which Chief Judge Faber imposed a sentence of 135 months. (Judgment in a Criminal Case, entered January 12, 2005, # 75).

The Supreme Court of the United States decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), on January 15, 2005. Whereupon, defense counsel filed a motion to correct sentence pursuant to Rule 35 (# 78). Chief Judge Faber vacated the judgment and conducted a

second sentencing hearing on January 21, 2005, at which he imposed a 102 month term of imprisonment, to be followed by a three year term of supervised release. (Judgment in a Criminal Case, entered January 28, 2005, # 86).

Defendant retained Matthew M. Robinson as appellate counsel, concluding Messrs. Wagner's and Shepherd's responsibilities. Defendant's appeal was unsuccessful. United States v. Pontier, No. 05-4134, 158 Fed. Appx. 398 (4th Cir. Nov. 21, 2005).

Defendant filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 17, 2006 (# 112). After the undersigned determined that it would be necessary to conduct an evidentiary hearing, Louie Thompson Price was appointed to represent Defendant, pursuant to the Criminal Justice Act. He filed an amended motion, incorporating the original motion (# 127). The United States filed responses (## 131, 134) and Defendant filed a reply (# 135). An evidentiary hearing was conducted on September 26, 2007. Messrs. Wagner and Shepherd testified, as did Defendant.

## FACTS OF THE CASE

The indictment arose out of an investigation by the Drug Enforcement Administration ("DEA") in Charleston, West Virginia. On October 18, 2002, DEA Special Agent Robert Negro arranged with a confidential informant, Thomas Araujo, to make a controlled buy of cocaine base from Mark Rowley at Rowley's apartment located at

1566 Lee Street in Charleston. Rowley then contacted his neighbor, Jerome Saunders, to locate a source for the cocaine base.

According to the presentence report ("PSR") and the trial transcript, both Rowley and Saunders testified at trial that Saunders brought Defendant to Rowley's apartment on October 18, 2002, for the purpose of selling crack cocaine to Thomas Araujo. (PSR, ¶ 14, at 5; Trial Tr., # 103, at 30-34, 61-66, 77, 85-91). The crack cocaine was transferred from Defendant to Saunders to Rowley to Araujo. <u>Id.</u> Araujo did not have a face-to-face meeting with Defendant.

## **GROUNDS FOR RELIEF**

Defendant's original § 2255 Motion raises four grounds for relief, which are set forth below, with spelling errors corrected. Following each ground for relief, in *italics*, is a summary of text from Defendant's memorandum (# 118) in support of her motion.

> Ground one: Ineffective counsel. During the defendant's trial, attorneys Walter L. Wagner, Jr. and James W. Shepherd were retained to represent the defendant. At that time, Defendant was unaware that neither attorney had any experience within the federal court system, nor representing anyone in a federal trial. First of all, Mr. Shepherd and Mr. Wagner had no knowledge of the rules and laws in the federal court system. Several times during the proceeding, the Court had to explain what Rules and Procedures they were to be following and what proper conduct was expected for their representation of the defendant. Their negligence to properly defend is also a supporting fact for the additional three grounds of this motion. * * * Said counsel admitted no witness testimony on behalf of the defendant and refused Defendant the right to testify on her own behalf. They made no attempt to even try to discredit or counter the government's witnesses or evidence. Said counsel did not

4

> know that it was what they were supposed to do. * * * Mr.
> Wagner and Mr. Shepherd was not experienced in litigation
> and falsely represented themselves to be.

*The specific ways in which Defendant was denied effective assistance of counsel by Messrs. Wagner and Shepherd include: not advising Defendant of her constitutional, procedural and substantive rights, being negligent in investigation, not objecting appropriately, not arguing critical issues, not knowing the law, and not honoring the duties of an attorney to his client. Defendant contends that her attorneys did not advise her of (a) her exposure under the Sentencing Guidelines if she went to trial, (b) of the wisdom of accepting a plea agreement, (c) of the elements of the offense; (d) her Fifth, Sixth, and Fourteenth Amendment rights; and (e) all applicable procedural remedies. She asserts that her counsel failed to (f) make an independent investigation,(g) object and challenge defective jury instructions on the elements of the offense, and (h) request a downward departure based on business ownership.*

*Defendant claims that she was also denied effective assistance of counsel on direct appeal because Mr. Robinson failed to (1) raise available challenges to application of the Sentencing Guidelines, (2) challenge obvious defects in the jury instructions on the elements of the offense and reasonable doubt,(3) raise an issue of not requesting a special verdict on all elements of the offense.*[1]

> Ground two: Government's use of an alleged prior drug
> sale unrelated to instant offense as evidence at trial.
> This was done in violation of Federal Rule 404(b). * * *
> The court allowed this to be entered into evidence to
> establish the defendant's "identity." The testimony of
> Rowley and Saunders already identified Defendant as the
> woman at Rowley's apartment. The introduction of this
> evidence easily caused the jury to be confused to the
> issue and believe that the defendant was guilty of the
> instant offense. * * * The evidence should have been
> inadmissible.

---

[1] It appears to the court that Defendant used a boilerplate brief, due to the inclusion of issues which are not pertinent to her case. For example, numerous points of error refer to "the value of property" and "the role in the case." Defendant's sentence was not enhanced for her role in the offense, and Defendant's property was not the subject of forfeiture. The undersigned will ignore these irrelevant issues.

5

> Ground three: Error in sentencing Defendant beyond the statutory maximum that were neither submitted to a jury nor proven beyond a reasonable doubt. The first fact under this ground is that the defendant was sentenced upon facts that were not submitted to a jury for proof beyond a reasonable doubt, namely drug amounts that were not charged in the indictment. However, Defendant was sentenced based upon possession of 56.8 grams of cocaine base. Defendant should have been sentenced on the 4.6 grams of cocaine base that the Drug Enforcement Agency retrieved from their confidential informant. * * *
>
> Ground four: Court erred in the amount of drugs attributable to Defendant as relevant conduct for purposes of sentencing. * * * In this instant case, the drug amounts attributed to the defendant beyond the 4.6 grams actually and physically recovered and tested by the Drug Enforcement Agency, were done so relying upon the testimony of two felons and addicts. * * * At most, only 4.6 grams of cocaine should have been attributed to the defendant for purposes of sentencing. * * * The remaining drug amounts attributed to the defendant are based upon unreliable and uncorroborated testimony of convicted felons and known addicts, seeking a lighter sentence for themselves and should not have been used.

(Motion, # 112, at 4-12.)

Defendant's court-appointed counsel, Mr. Price, filed an Amended Motion (# 127), which provides additional information concerning her claims of ineffective assistance of counsel, and otherwise incorporates Defendant's previous pleadings. The Memorandum in support of the Amended Motion lists the following instances of alleged ineffective assistance of counsel:

- Between January 13, 2004 and April 29, 2004 (start of trial), Defendant's attorneys provided minimal assistance. The first time Defendant met Mr. Shepherd was the day of her trial.
- Defendant's attorneys never reviewed the government's discovery responses and materials with Defendant, and thus could not make reasonable decisions about investigating the case. They did not employ an investigator.
- Defendant's attorneys failed to advise her of a government

plea offer.

The Memorandum asserts that Defendant suffered prejudice as a result of the ineffective assistance of counsel because she was deprived of the reduction in sentence attributable to acceptance of responsibility.

## ANALYSIS

In Strickland v. Washington, 466 U.S. 688 (1984), the United States Supreme Court adopted a two-prong test for determining whether a defendant received adequate assistance of counsel. A defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-91. Moreover, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Using this standard, and based upon all of the evidence of record, the court will address the credibility of Defendant's accusations, and then consider the merit of each of the allegations concerning ineffective assistance of counsel in the order they were presented by Defendant.

### Assessment of Credibility

At the evidentiary hearing, the undersigned had the opportunity to observe and listen to the testimony of Defendant and Messrs. Shepherd and Wagner. Mr. Wagner stated that during his

representation of her, Defendant steadfastly denied involvement in drug dealing and adamantly insisted on going to trial because she was not guilty of the offense. Defendant, on the other hand, made repeated and unequivocal accusations of actions her attorneys failed to take on her behalf, including their alleged failure to inform her of an offer of a plea agreement (which she claims she would have taken). At the conclusion of the hearing, the undersigned questioned Defendant concerning the testimony of Mr. Wagner as follows:

> **BY THE COURT:**
> Q.  Ms. Pontier, you understand you remain under oath?
> A.  Yes, ma'am.
> Q.  And you, of course, were present when your former attorney, Mr. Wagner, was testifying here in court this morning, correct?
> A.  Yes, ma'am.
> Q.  And he was rather vehement in his statements that you said, "I didn't do it; I'm innocent; I'm not going to plead guilty." Did you hear his testimony as to that effect?
> A.  Yes, ma'am.
> Q.  And was that correct?
> A.  What he said?
> Q.  Yes.
> A.  No.
> Q.  And so, you are denying that you told Mr. Wagner, "I didn't do it; is that correct?
> A.  Yes, ma'am.
> Q.  And you are denying that you told Mr. Wagner, "I'm innocent"?
> A.  Yes, ma'am.
> Q.  And you deny telling Mr. Wagner, "I'm not going to plead guilty"?
> A.  Yes, ma'am.
> Q.  Okay. So it is fair to say that this case boils down to me having to decide whether I believe you or I believe Mr. Wagner?
> A.  Yes, ma'am.

Tr. Hrng., # 149-2, at 69-70.

The presentence report prepared by the Probation Department contains the following statements attributed to Defendant:

> [D]uring the presentence interview on May 25, 2004, the defendant, in the presence of her counsel, advised the probation officer that she never distributed crack cocaine to anyone on October 18, 2003, she denied that she knew Mark Rowley, and she advised she never visited his apartment. The defendant acknowledged she knew Jerome Saunders but denied that they had any type of drug relationship. Finally, Ms. Pontier asserted that there are discrepancies in regards to Mr. Rowley's and Mr. Saunders' original statements, their grand jury testimony, and their trial testimony. The defendant asked the probation officer to examine these discrepancies. In response, since defense counsel had the opportunity to discredit the two individuals' testimony during trial, and the fact that their testimony was presented in the presence of the Court, the probation officer believes the Court is in a unique position to determine the two individual[s]' credibility. In light of the defendant's denial of her participation in this offense, it does not appear she has accepted responsibility for her conduct, and a reduction in her guideline range is not recommended.

Presentence Report, # 87[filed under seal], ¶ 19, at 6.

Based on the undersigned's observation of the witnesses at the evidentiary hearing, the consistency of the attorneys' testimony with their performance during Defendant's trial (as more fully developed below), the inconsistency between Defendant's testimony at the hearing and her statements to the probation officer at the presentence interview, the undersigned has concluded that Defendant is not credible, and her attorneys are credible. The undersigned proposes that the presiding District Judge **FIND** that Defendant is not credible, and her attorneys are credible.

**Ground one: Pretrial and Trial**

Defendant claims that her attorneys did not investigate her case, did not review discovery materials, failed to inform her of a plea agreement, and failed to advise her of her exposure under the Sentencing Guidelines. She makes general allegations that her attorneys were not knowledgeable of federal law and procedure, and did not advise her of her rights. The undersigned has determined that all of these accusations lack support in the record.

Mr. Wagner and Mr. Shepherd acknowledged that they did not hire a private investigator, and stated that Mr. Shepherd was responsible for investigating the case and doing the paperwork. (Tr. # 149, at 4, 9-11, 16, 34.) Mr. Shepherd testified that he got the file from Defendant's prior counsel (Ms. Foster, at Ms. Hallinan's office), and reviewed the discovery materials. Id., at 33-34. He did not interview witnesses. Id., at 35.

Upon review of the trial transcript, it is evident that Messrs. Wagner and Shepherd had reviewed discovery materials received from the United States, including copies of witnesses' plea agreements and grand jury transcripts. The transcript reflects, in numerous places, their use of these materials during cross-examination. The attorneys cross-examined all witnesses.

Mr. Wagner testified that he did not receive a plea agreement from the United States. Id., at 18-19. However, the evidence revealed that Assistant United States Attorney McVey sent a plea

agreement to Defendant's prior counsel, Ms. Foster. When Ms. Foster turned the file over to Mr. Shepherd, the plea agreement was in the file, and when Mr. Wagner turned the file over to appellate counsel, the plea agreement was in the file. (Tr. # 149-2, at 21-22.) Mr. Wagner testified that he spoke about a possible guilty plea with AUSA McVey many times, but that Defendant was adamant that she would not plead guilty because she was not guilty. (Tr. # 149, at 19-21.) Thus further discussion of the matter was pointless. Id., at 27. Mr. Shepherd confirmed that Defendant never admitted to the charged conduct and wanted to go to trial. Id., at 48. Mr. Shepherd is "positive" that the possibility of a guilty plea pursuant to a plea agreement was conveyed to Defendant. Tr. # 149-2, at 2.

Defendant's insistence of her innocence blocked her attorneys' ability to discuss the advantages of a plea agreement with her. Mr. Shepherd's testimony established his familiarity with the Sentencing Guidelines and the concept of relevant conduct and acceptance of responsibility. Tr. # 149, at 37-39, 47-48.

Defendant's general allegations (which appear to be lifted from a boilerplate brief) similarly lack merit. The undersigned has conducted a thorough review of the trial transcript and has determined that Messrs. Wagner's and Shepherd's representation of Defendant was objectively reasonable. There is a reasonable probability that, but for Defendant's stubborn refusal to consider

11

a guilty plea, to admit her conduct, and to receive a downward adjustment for acceptance of responsibility, her sentence might have been shorter; however this is attributable to Defendant's conduct and not that of her attorneys.

Defendant's Amended Motion claims that Defendant suffered prejudice because she was deprived of the reduction in sentence attributable to acceptance of responsibility. The court notes that when Defendant was originally sentenced, the District Judge determined that her offense level was 32, her criminal history category was II, and her guideline range was 135 to 168 months. Tr. # 82, at 12. If she had earned acceptance of responsibility, her offense level would probably have dropped to 29, with a guideline range of 97-121 months. When she was re-sentenced, the District Judge departed downward and sentenced her to 102 months, well within the range at level 29. Thus Defendant has not suffered any prejudice in connection with her sentence.

**Ground one: Appeal**

Defendant contends that her appellate counsel was constitutionally ineffective because he failed to raise challenges to the application of the Sentencing Guidelines, "obvious defects" in the jury instructions on elements of the offense and reasonable doubt, and lack of a special verdict form.

The issues raised on direct appeal by appellate counsel were (1) admissibility of Rule 404(b) evidence, and (2) determination of

12

drug quantity attributed to Defendant for sentencing purposes. United States v. Pontier, No. 05-4134, 158 Fed. Appx. 398 (4th Cir. Nov. 21, 2005). Thus it is apparent that appellate counsel did address the application of the Sentencing Guidelines in her direct appeal.

Defendant does not explain how the jury instructions were obviously defective. The undersigned has reviewed the jury instructions concerning the elements of the offense, and they appear to conform in all respects to the standard instructions for the offense of distribution of a controlled substance. Tr. # 103, at 184-86. Similarly, the instruction on reasonable doubt was consistent with the law of this Circuit, which is that it is improper for a court to define reasonable doubt for a jury unless the jury itself requests a definition. United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995). The instruction given to the jury was as follows: "[I]t is not required that the United States prove the defendant guilty beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt means in law just what those words imply." Tr., # 103, at 177.

For the foregoing reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant's first ground for relief is without merit, and that she was not denied effective assistance of counsel.

13

**Ground two: Rule 404(b) evidence**

Defendant contends that it was improper to admit the Rule 404(b) evidence that Defendant engaged in another distribution of crack cocaine with the same witnesses. This issue was raised on direct appeal, as noted above. A defendant cannot relitigate issues previously rejected on direct appeal, absent a change in the law. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The undersigned proposes that the presiding District Judge **FIND** that Defendant's second ground for relief is without merit.

**Grounds three and four: Booker argument**

Defendant's third and fourth grounds for relief are based on the fact that she was sentenced on the basis of more than fifty grams of crack cocaine, rather than the amount which was the subject of the indictment. This issue was raised on direct appeal, and the Fourth Circuit ruled as follows:

> In this case the district court calculated the Guideline range, but appropriately treated the Guidelines as advisory. The court sentenced Pontier only after considering and examining the Sentencing Guidelines and the § 3553(a) factors, as instructed by *[United States v.] Booker, [543 U.S. 220 (2005)]*. Because the court adequately explained its reasons for a sentence below the applicable Guideline range and that sentence is well within the twenty-year statutory maximum, we conclude that the sentence of 102 months of imprisonment is reasonable.

Pontier, 158 Fed. Appx. at 400-01. As noted above, a defendant cannot relitigate issues previously rejected on direct appeal, absent a change in the law. Boeckenhaupt, 537 F.2d at 1183. The

undersigned proposes that the presiding District Judge **FIND** that Defendant's third and fourth grounds for relief are without merit.

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's § 2255 Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such

objections shall be served on the United States Attorney, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and counsel of record.

    October 24, 2007
          Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

16